IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **Scot Westermayer**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**Watlow Electric Manufacturing Company,**<br><br>        **Defendant.** | **C.A. No.**<br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**INTRODUCTION**

    1.     This is an action for damages and injunctive relief under the Family and Medical Leave Act (FMLA). 29 U.S.C. § 2601, et seq. Plaintiff Scot Westermayer is a former employee of defendant Watlow Electric Manufacturing Company ("Watlow"). In June 2021, Watlow, through its agent CIGNA Leave Solutions® ("Cigna"), failed to properly notify plaintiff of any inadequacies with the medical certification accompanying his application for FMLA leave as required by 29 C.F.R. § 825.305(c). Instead, Watlow fired plaintiff.

**I. Jurisdiction and Venue**

    2.     This court has jurisdiction over this action based on 28 U.S.C. §§ 1331 (federal question) and 1343 (commerce) as this is an action under the FMLA, 29 U.S.C. § 2601, et seq.

    3.     Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b) as the acts were committed within the jurisdiction of this court.

## II. Parties to lawsuit and agents

4. Plaintiff, Scot Westermayer, is a former employee of defendant.

5. Plaintiff worked for Watlow as a machine operator and trainer.

6. Watlow was plaintiff's "employer" under the FMLA in that Watlow was engaged in commerce or an activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2021 or 2020.

7. Watlow gave CIGNA Leave Solutions® ("Cigna") authority to bind Watlow in approving and denying employees' FMLA leave requests in June through August 2021.

8. Watlow gave Cigna authority to communicate with Watlow employees' health care providers and with Watlow's employees about FMLA certification forms including communications notifying an employee that a certification of health care provider was insufficient in June through August 2021.

9. Cigna acted as Watlow's agent for handling plaintiff's request for FMLA leave in 2021.

10. By December 2021, Watlow had given New York Life Group Benefit Solutions authority to communicate with employees about intermittent leave.

## III. Factual Allegations

### A. Hours and months plaintiff worked for defendant

11. When Watlow discharged plaintiff, plaintiff had worked for Watlow for more than twelve months.

12. When Watlow discharged plaintiff, plaintiff had worked for Watlow for more than

1,250 hours in the previous twelve months.

### B. Serious health condition

13. In the summer of 2021, plaintiff had a serious health condition under the FMLA, 29 U.S.C. § 101(11) and 29 C.F.R. § 825.115 as described in Paragraphs 13-16.

14. Plaintiff suffers from ankylosing spondylitis, a physical condition in his back, with no known cure.

15. In as early as December 2018, plaintiff began suffering symptoms of said condition and sought treatment.

16. From December 2018 to February 2019, plaintiff was on short-term disability because of the issues relating to his back.

17. Plaintiff continued to see health care providers for his back issues and took medication, as needed. The pain itself resulted in complications that caused more medical problems requiring treatment.

### C. Plaintiff requests FMLA leave through Watlow's agent

18. In June 2021, plaintiff was experiencing flare-ups of backpain from his health condition and called Cigna's 800 number about using intermittent FMLA leave.

19. On around June 30, 2021, Cigna mailed plaintiff two letters about his request for intermittent FMLA leave. Exhibits 1 (first page of one June 30 letter) and 2 (first page of second June 30 letter).

20. Cigna stated that plaintiff was eligible for FMLA leave, pending certification and that "a final determination will be based on the medical certification completed by your attending

Health Care Provider."

21.    In the June 30th letter in which Cigna acknowledged plaintiff's request for intermittent leave, Exhibit 1, Cigna stated that plaintiff was eligible for Federal or State FML leave but that a final determination would be made based on the medical certification from his health care provider. Below is an excerpt from Exhibit 1.

CIGNA Leave Solutions® has evaluated your eligibility for the following leave plans:

| Plan | Absence Type | From | Through* | Eligibility | Reason |
|---|---|---|---|---|---|
| FMLA | Intermittent Leave | 06/21/2021 | 12/20/2021 | Eligible-Pending Determination | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date. Please note that being eligible for leave does not mean that your request is approved.

| Plan | Time Used as of 06/30/2021 * | Time Remaining as of 06/30/2021 * |
|---|---|---|
| FMLA | 0 hour(s) / 0 week(s) | 480 hour(s) / 12 week(s) |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

According to our records, you are eligible for Federal and/or State Family Medical Leave (FML) as listed above. However, a final determination will be based on the medical certification completed by your attending Health Care Provider.

22.    In the June 30th letter (Exhibit 1), Cigna instructed plaintiff to return the enclosed Certification of Health Care Provider for Employee's Serious Health Condition within 15 calendar days of the date of the letter. The instructions are copied below.

Enclosed you will find information on your rights under the Family and Medical Leave Act of 1993 (FMLA) and a Certification of Health Care Provider for Employee's Serious Health Condition. The completed certification should be returned to CIGNA Leave Solutions® at the address or fax number listed above. Failure to provide the medical certification within 15 calendar days of the date of this letter may result in the denial of your leave.

Page one of the Cerficiation of Health Care Provider packet that defendant sent on June 30, 2021 is Exhibit 2.

23. Cigna stated that when it received the information, it would inform plaintiff whether his leave would be designated as FMLA leave. Cigna's representation is copied below.

> Once we obtain the information, we will inform you whether your leave will be designated as Federal and/or State FML and will count towards your Federal and/or State FML entitlement. To determine your

### D. Provider sends certification on July 12, 2021

24. After receiving Cigna's letter, plaintiff called his doctor's office, Dr. Hossein Behniaye at Hannibal Regional Medical Group, about the FMLA paperwork. The doctor's office arranged to examine plaintiff so they could fill out the paperwork.

25. Plaintiff saw Dr. Behnaiye on or around July 12, 2021 in connection with his back condition and so the office could fill out the FMLA paperwork.

26. On July 12, 2021 Dr. Behnaiye's office faxed the FMLA certification about plaintiff to Cigna.

### E. Watlow's agent denies plaintiff's FMLA leave for not returning certification

27. In a letter dated July 22, 2021, Cigna denied plaintiff's request for intermittent leave stating at the reason, "Certification Not Returned." Exhibit 3. Below is an excerpt of Exhibit 3, the July 22, 2021 letter.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|---|---|---|---|---|---|
| FMLA | Intermittent Leave | 06/21/2021 | 12/20/2021 | Denied | Certification Not Returned |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a

### F. Bates confirms certification, notifies plaintiff that more information is needed from health care provider, and provider submits new information

28. When plaintiff received Exhibit 3, he called the recommended phone number and spoke with a woman identifying herself as Jennifer Bates.

29. Plaintiff told Bates that his doctor's office had faxed the FMLA certification to Cigna on July 12, 2021.

30. Plaintiff went to Dr. Behniaye's office and confirmed for Bates, through the fax receipt, that Dr. Behniaye's office had faxed the Certification to Cigna on July 12, 2021.

31. A copy of the fax receipt from Dr. Behniaye's office is Exhibit 4.

32. Over the phone, Bates told plaintiff that more information was needed from the health care provider.

33. Notifying plaintiff that more information was needed from the provider by phone did not comply with FMLA notification requirements. Under 29 C.F.R. § 825.305, when an employer finds a certification is incomplete or insufficient, the employer "shall state in writing what additional information is necessary to make the certification complete and sufficient." The employer must give the employee seven calendar days to cure any deficiencies.

34. On around August 13, 2021, plaintiff emailed Bates a photo of a supplemental FMLA form with additional information based on plaintiff's call with Bates. Exhibit 5 is a genuine copy of plaintiff's August 13, 2021 email to Bates along with Bates's August 23rd response.

35. On August 23, 2021, Bates responded to plaintiff's August 13th email. Exhibit 5. Bates apologized for the delay in responding. And for the first time, Bates identified in writing insufficiencies with the medical certification.

6

Bates stated that the doctor had not initialed, signed, or dated changes to the form. And "[a]s for office visits, we cannot accept 'as needed.' They will have to circle weeks or months." Exhibit 5 (8/23/2021 email from Bates to Westermayer).

36.     Dr. Behniaye provided the requested information on a new form. Exhibit 6. The changes are initialed and dated 8/24/21, including a change from "as needed," for frequency of office visits, to 2 times per month.

37.     On August 24, 2021, Cigna approved plaintiff's request for intermittent FMLA leave for June 21, 2021 through December 21, 2021. Exhibit 7. An excerpt of the FMLA approval is below.

We received your leave of absence request for Employee Health Condition.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|---|---|---|---|---|---|
| FMLA | Intermittent Leave | 06/21/2021 | 12/20/2021 | Approved | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a

### G. Defendant refuses to restore plaintiff, discharging him

38.     Before Watlow's agent Cigna communicated to plaintiff in writing the insufficiencies with the medical certification, Watlow had discharged plaintiff from his employment.

39.     After Cigna communicated to plaintiff insufficiencies with the medical certification and plaintiff cured the insufficiencies, plaintiff tried to return to his position, explaining to Watlow that Cigna had approved the FMLA leave.

40.     Watlow refused to restore plaintiff to his job.

41.     On or around December 13, 2021, Watlow's agent for handling FMLA claims,

now New York Life, notified plaintiff that his intermittent FMLA leave would be ending on 12/20/2021. Exhibit 8. Watlow had not reinstated plaintiff to his former position after discharging him in July 2021.

## COUNT I – FMLA Interference

42. Plaintiff incorporates Paragraphs 1- 41 as though fully set forth in this Paragraph.

43. Under 29 U.S.C. § 2612 plaintiff was entitled to 12 workweeks of leave because of his qualifying medical condition.

44. Under 29 U.S.C. § 2614, plaintiff had a right to be restored to his position after use of FMLA leave.

45. Defendant interfered with plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1) by:

   a. Failing to timely communicate with plaintiff that the information on his doctor's certification was incomplete or insufficient and state, in writing, what additional information was needed to make the certification compliant, as required by 29 C.F.R. § 825.305(c). Plaintiff was prejudiced by this failure. Had Cigna timely notified plaintiff of deficiencies, plaintiff could have cured the deficiencies—as allowed by regulation—before discharge.

   b. Failing to give plaintiff 12 weeks of FMLA leave;

   c. Failing to restore plaintiff to his position after use of intermittent leave.

46. As a direct and proximate result of defendant's interference with plaintiff's FMLA rights, plaintiff suffered loss of employment and continues to suffer loss of income and

other employee benefits.

For these reasons, plaintiff asks this Court to enter judgment in his favor and against defendant by: (a) declaring that the acts and practices by defendant as described here violate the FMLA; (b) enjoining and permanently restraining these violations of the FMLA; (c) awarding plaintiff back wages and lost benefits and interest due to defendant's violations of the FMLA; (d) directing defendant to reinstate plaintiff to his previous position or, in the alternative, awarding plaintiff front pay; (e) awarding plaintiff liquidated damages in an amount equal to the sum of the actual damages and interest under 29 U.S.C. § 2617(a)(1)(A); (f) awarding reasonable attorneys' fees and costs incurred by plaintiff; and, (g) awarding plaintiff any other relief that the Court may consider just and proper.

## COUNT II – FMLA Discrimination

47.     Plaintiff incorporates Paragraphs 1- 41 as though fully set forth in this Paragraph.

48.      Defendant discriminated against plaintiff for using or seeking to use FMLA leave in in violation of 29 U.S.C. § 2615(a)(2).

49.     As a direct and proximate result of defendant's discrimination against plaintiff because of his use or attempted interference with plaintiff's FMLA rights, plaintiff suffered loss of employment and continues to suffer loss of income and other employee benefits.

For these reasons, plaintiff asks this Court to enter judgment in his favor and against defendant by:

For these reasons, plaintiff asks this Court to enter judgment in his favor and against defendant by: (a) declaring that the acts and practices by defendant as described here violate the FMLA;

(b) enjoining and permanently restraining these violations of the FMLA; (c) awarding plaintiff back wages and lost benefits and interest due to defendant's violations of the FMLA;  (d) directing defendant to reinstate plaintiff to his previous position or, in the alternative, awarding plaintiff front pay; (e) awarding plaintiff liquidated damages in an amount equal to the sum of the actual damages and interest under 29 U.S.C. § 2617(a)(1)(A); (f) awarding reasonable attorneys' fees and costs incurred by plaintiff; and, (g) awarding plaintiff any other relief that the Court may consider just and proper.

/ s/ Ferne P. Wolf
Ferne P. Wolf  29326 MO
fw@silversteinwolf.com
Jill A. Silverstein 34433 MO
js@silversteinwolf.com
SilversteinWolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)

John M. Hark 45660 MO
jhark@chhlaw.us
Curl, Hark & Holliday, L.L.C.
999 Broadway
Hannibal, MO 63141
573 221-7333/573 221-8824 (fax)